HANNAH ALTHOUSE, RESPONDENT, *v.* WALLACE W. WELLS, APPELLANT.

*Slander — when a communication made to an attorney of an estate, by one interested therein, is not privileged under section 835 of the Code of Civil Procedure.*

This action was brought by the plaintiff to recover damages for slanderous words uttered by the defendant to an attorney-at-law, who was acting as an agent and attorney for the executor of an estate in which the defendant was interested. The alleged slander consisted in charging the plaintiff with having stolen eighty dollars in gold belonging to the estate, and requesting the attorney to collect it. Upon the trial the defendant objected to the attorney testifying as to what the defendant said to him, upon the ground that as the defendant was interested in the estate his statement and request were privileged as a confidential communication made to his attorney.

*Held,* that the objection was untenable, as the relation of attorney and client did not exist between the defendant and the attorney for the estate.

That even if the defendant's interest in the estate rendered the communication a privileged one, if found to have been made in good faith, yet that did not affect the admissibility of the evidence.

APPEAL from a judgment in favor of the plaintiff, entered at the Oswego Circuit upon the verdict of a jury

*Mead & Stranahan*, for the appellant.

*S. N. Dada*, for the respondent.

BOARDMAN, J. :

This is an action for slander in charging the plaintiff with being a thief. The charge was made to an attorney-at-law, who was acting as an agent and attorney for the executor of an estate. The defendant, as legatee or devisee, had an interest in such estate. He said to Nichols, the attorney, that the plaintiff had stolen eighty dollars in gold belonging to the estate, and that he wished him, as attorney of the executor, to collect it. This accusation against the plaintiff was made by the defendant under similar circumstances on three different occasions. The answer is, first, a general denial; second, a denial of knowledge or information as to his speaking the words; third, an allegation on information and belief, that plaintiff took and converted to her own use eighty dollars, the property of Peter Althouse, and on information and belief that plaintiff thereby became and was a thief. Also specially denies, that he spoke the words maliciously or with intent to injure plaintiff.

On the trial Nichols was called to prove the speaking of the words. The evidence was objected to upon the ground that the witness was acting as the attorney for the executor of Peter Althouse, in whose estate the defendant had a half interest; that such statement was made to him as such attorney, and that it was a confidential communication. The objection was overruled and an exception taken. This objection and exception is alone urged by appellant.

The facts do not bring the case within the provision of section 835 of the Code, prohibiting the disclosure of a communication made by a client to an attorney in the course of his professional employment. The relation of attorney and client did not exist between defendant and Nichols. It was not, therefore, a privileged communication within that section.

The defendant, however, insists, even in that event, that the communication was confidential and entitled to protection, because the

defendant, in a matter of personal interest to himself, had the right to urge action by the executor or his agent, and make the statement to such agent. This would be what is styled a conditionally privileged communication, and a cause of action founded upon it, if it is found to have been made in good faith, in the belief of its truth, and without malice, will fail. Such is the defendant's position. (Towns. on Slander, §§ 209, 241.)

But this position will not support the exception. It does not go to the admissibillity of the evidence. The evidence was competent. Whether the plaintiff was bound to prove express malice in addition, was another matter which would necessarily come up later. The exception was not, therefore, well taken.

Nor can the defendant take the position upon this appeal that no express malice was afterwards shown, if necessary, to justify the verdict rendered. The evidence is not all returned, and it may be that such evidence was in fact given. There is still another reason. This objection was not taken upon the trial. If a party desires to take advantage of any defect of proof which could have been supplied, he must move for a nonsuit or a dismissal of the complaint for such defect upon the trial, or he will be debarred from raising the question upon appeal. (*Binsse* v. *Wood*, 37 N. Y., 526, and cases cited in 3 Wait's Pr., 161, and 4 Id., 230, 231.)

It is not intended to express any opinion as to the necessity of proof by plaintiff of express malice, in order to sustain her action. That question is not before us by any ruling or exception, and hence we decline to pass upon it.

The case presents no valid ground for a reversal. The judgment must be affirmed, with costs.

HARDIN, P. J., and FOLLETT, J., concurred.

Judgment affirmed, with costs.